Filed 6/11/25  P. v. Ibanez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083667 |
| v. | (Super.Ct.No. 16CR018708) |
| GONZALO JOSE IBANEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Gonzalo Jose Ibanez appeals from the denial of his petition to vacate his attempted murder conviction under section 1172.6 of the Penal Code. (Unlabeled statutory citations refer to this code.) We affirm.

BACKGROUND

In 2016, a jury convicted Ibanez of one count of shooting at an occupied motor vehicle (§ 246), one count of shooting at an inhabited dwelling (§ 246), and one count of attempted murder (§§ 664, 187, subd. (a)). The jury found as to each count that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(C)) and that a principal personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). The jury also found not true the allegation that the attempted murder was willful, deliberate, and premeditated.

The trial court sentenced Ibanez to 15 years to life in state prison for the shooting at an occupied motor vehicle count (§ 246) and a consecutive 15 years to life for the shooting at an inhabited dwelling count (§ 246). The court imposed the upper term of nine years for the attempted murder count but stayed that sentence pursuant to section 654. The court also imposed but stayed under section 654 a 20-year term for the firearm enhancement and a 10-year term for the gang enhancement.

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4), which amended sections 188 and 189, thereby eliminating natural and probable consequences liability for murder and narrowing

2

the definition of first degree felony murder.  (*People v. Gentile* (2020) 10 Cal.5th 830, 843, 847, superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 868-869.)  The bill also created section 1172.6 (originally codified as section 1170.95) as a mechanism for retroactive application of those changes in the law.  (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  Two years later, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended the statute to make it applicable to defendants convicted of attempted murder or manslaughter.  (Stats. 2021, ch. 551, § 1; see also *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*).)

In 2022, Ibanez filed a petition for resentencing under former section 1170.95 to vacate his attempted murder conviction.  The People opposed the petition, arguing that he was ineligible for resentencing because he "was convicted of one count of attempted murder under a theory of aiding and abetting, but not under a natural and probable consequences theory.  The jurors were never instructed on natural and probable consequences and the theory was never relied on at any point in litigation."  The court found that the "petition [was] meritless" after reviewing the "jury instruction[s] and the record," and it denied the petition.  Ibanez did not appeal that order.

In February 2024, Ibanez filed a second petition for resentencing under section 1172.6 to vacate his attempted murder conviction.  The following month, the trial court denied the petition on the ground that the denial of the prior petition "preclude[d] reconsideration."

## DISCUSSION

We appointed counsel to represent Ibanez on appeal, and counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), raising no issues and asking us to exercise our discretion to conduct an independent review of the record. After defense counsel filed the *Delgadillo* brief, we advised Ibanez that he could file a personal supplemental brief, which he did.

Ibanez argues that he is entitled to resentencing because there was "[a] more logical explanation" of the facts and that the facts "do[] not line up with the [d]river [d]irectly [a]iding [a] [p]assenger." He argues that there was "much doubt" in the prosecution's theory that the driver was a direct aider and abettor.

Those arguments are irrelevant to Ibanez's inability to make a prima facie case for relief under section 1172.6. Section 1172.6 is a mechanism to provide relief for murder, attempted murder, or manslaughter convictions that may have been based on now-invalid theories. (*Strong*, *supra*, 13 Cal.5th at p. 708; *Curiel*, *supra*, 15 Cal.5th at p. 449.) Ibanez's jury was not instructed on any now-invalid theories of imputed malice as to the charge of attempted murder, and the arguments in his supplemental brief have no tendency to show the contrary. Those arguments therefore do not show that the trial court erred by denying his 2024 petition.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

FIELDS
Acting P. J.

RAPHAEL
J.

5